Cathy L. Arias, CASB# 141989
Andrew R. Shalauta, CASB# 186821
BURNHAM BROWN
A Professional Law Corporation
P.O. Box 119
Oakland, California 94604
---
1901 Harrison Street, 11th Floor
Oakland, California  94612
Telephone:    (510) 444-6800
Facsimile:    (510) 835-6666
Email:        carias@burnhambrown.com
              ashalauta@burnhambrown.com

Attorneys for Defendants
BOARD OF TRUSTEES OF THE CALIFORNIA STATE
UNIVERSITY and CALIFORNIA STATE UNIVERSITY
FRESNO ATHLETIC CORPORATION

Dan Siegel
Jessica Albert
SIEGEL & YEE
499-14th Street, Suite 220
Oakland, California 94612
Telephone:    (510) 839-1200
Facsimile:    (510) 839-6698
Email:        DanMSiegel@aol.com
              jalbert@siegelyee.com

Attorneys for Plaintiff
VIRGINIA IRIS LEVESQUE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRGINIA IRIS LEVESQUE,<br><br>         Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, CALIFORNIA STATE UNIVERSITY FRESNO ATHLETIC CORPORATION and DOES 1 through 10, inclusive,<br><br>         Defendants. | No. 1:07-CV-01584-AWI-DLB<br><br>**STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION** |

///

WHEREAS discovery (including interrogatories, document requests and depositions) in the above-entitled action will, if pursued, involve the production of information (including documents, testimony, exhibits, transcripts and written discovery responses) (hereinafter "Discovery Material") which the producing parties contend, in good faith, are subject to privacy and/or confidentiality restrictions under various state and federal statutes, regulations or case law concerning the privacy or confidentiality of information pertaining to students, faculty, employees or other individuals, or of business entities (hereinafter "Confidential Information").

IT IS HEREBY ORDERED THAT:

1.      All Discovery Material produced by any party in the above-entitled action and designated "Confidential" shall be subject to the terms of this Protective Order and shall be used solely for purposes of this matter between the parties in the above-entitled action, through any and all available appeals.

2.      Except as otherwise indicated herein, the designation of "Confidential" shall apply to all of the above described Discovery Material in their respective original forms, as well as all derivatives of the Discovery Material, such as, but not limited to, user or application modifications to the computer data files, file format conversions, databases or other compilations, backups, file fragments, or search engine indexes.  This designation shall remain effective regardless of any changes in the medium containing the Discovery Material, such as, but not limited to, printouts, floppy zip disks, CD-ROMs, DVDs, hard drives, or tapes.

3.      The standard for determining whether information may initially be designated "Confidential" is whether the designating party has a good faith belief that such information satisfies the criteria concerning the production or disclosure of Confidential Information.

4.      Discovery Material designed "Confidential" may only be discussed with, produced or disclosed to:

(a)     counsel representing the parties, and employees of their respective law firms to whom it is reasonably necessary to disclose the information;

STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION**STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS**     2     No. 1:07-CV-01584-AWI-DLB

(b) a party, officer, director, or current employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of the action;

(c) persons retained by a party as independent expert consultants or witnesses;

(d) witnesses at any deposition or other proceeding in this action and who have signed an "acknowledgement" in the form attached hereto as Exhibit "A";

(e) any former employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of the action, and who has signed an "acknowledgement" in the form attached hereto as Exhibit "A"

(f) court reporters in this action; and,

(g) any other person as to whom the parties agree in writing.

5. If Discovery Material designated "Confidential" by any party is challenged by another party, the parties in dispute shall first make a reasonable effort to meet and confer, and if agreement cannot be reached, then the challenging party may proceed on an ex parte basis or by regular motion, after notifying opposing counsel of the hearing as required by federal law, to request that the Court or any court-appointed discovery referee decide pursuant to an in-camera review whether the documents contain Confidential Information.

6. All transcripts of depositions in which "Confidential" documents are used shall also be deemed "Confidential" and covered by this Protective Order for thirty (30) business days following receipt of the transcript by counsel.  Deposition exhibits that were pre-marked "Confidential" will remain subject to this Protective Order without further action by the designating party.  Prior to the expiration of the thirty-day period, or on the record at the deposition, the designating party may designate any portion of the deposition testimony, by page and line number, which in good faith, the designating party believes constitutes or contains information which meets the criteria set forth in paragraph 3 above.   Prior to the expiration of the thirty-day period, or on the record at the deposition, the designating party may designate any exhibits as "Confidential" that were not already been marked "Confidential" in their initial

production.  All exhibits and testimony designated "Confidential" shall maintain such designation without further action by counsel.  Thereafter, such designated Discovery Material shall be deemed subject to the terms of this Protective Order.  The balance of the transcript which has not been specifically designated as "Confidential" shall no longer be governed by this Protective Order after the 30-day period expires.

7. Any party who files "Confidential" documents, portions thereof or information extracted or summarized therefrom as part of or in response to any discovery requests, motions, briefs, depositions or trial exhibits, shall cause them to be filed under seal and treated as "Sealed Documents" pursuant to applicable federal rules.

8. Discovery Material designated as "Confidential" may be used throughout all pretrial proceedings or hearings, and during the trial of this action, for any appropriate purpose.  Any party may, however, seek relief from the Court directing that Discovery Material so designated shall not be discussed at depositions or in open court in the presence of those not subject to this Protective Order and, additionally or alternatively, that portions of court transcripts which contain testimony or colloquy regarding Discovery Material designated "Confidential" be given additional protection.  Nothing in this Protective Order shall preclude any party from challenging the admissibility of any Discovery Material so designated or require that any Discovery Material designated "Confidential" be labeled as such when introduced as an exhibit during any deposition, pretrial or trial proceedings.  The designation of documents or information as "Confidential" shall not be construed as a concession by the producing party that such document or information is relevant, admissible, or material to any issue, or by a receiving party that such information is, in fact, confidential information.

9. No party to this Protective Order has conceded (or shall be deemed to have conceded by agreement to the entry of this Protective Order) that any Discovery Material produced by any other party or person is, in fact, confidential and entitled to protection accorded to Confidential Information. This Protective Order is without prejudice to the right of any party, after first attempting in good faith to resolve the designation dispute with the designating party,

to apply to the Court with required notice to counsel for the designating party:

    (a)    to strike the "Confidential" designation as to particular Discovery Material because the moving party contends that the Discovery Material in dispute does not meet the criteria for protection as Confidential Information and is not otherwise Confidential or protected, or provide adequate proof that any such right to protection has been waived.

    (b)    for permission to disclose confidential Discovery Material to persons other than those described in paragraph 3 above, because such disclosure is necessary to the parties' claims or defenses.

10.    If a party seeks to strike the "Confidential" designation as to particular Discovery Material by way of motion to the Court, the burden of proof with regard to any claim of privilege or protection shall be determined by the law regarding such privilege or protection.

11.    Nothing in this Protective Order shall affect any privilege or right which any party might otherwise have against the discovery of any materials sought by any other party herein nor shall anything in this Protective Order affect the offering or receipt of, or the objection to, evidence at trial or any pre-trial hearings. Notwithstanding this Protective Order, any party may move the Court for an order imposing additional restrictions upon discovery for documents or other material, including, but not limited to, an order that production thereof not occur. Likewise, nothing in this Protective Order shall preclude any party from seeking additional protection from disclosure, use at trial or pre-trial proceedings of documents or information designated as "Confidential."

12.    A party may, in good faith, notify the other parties that a failure to designate certain Discovery Material as "Confidential," within the meaning of paragraph 3 of this Protective Order, had occurred but was inadvertent. Upon receiving such notice from the designating party, the party receiving such notice shall immediately treat the Discovery Material as if it had been so designated and shall place the appropriate designation on the material within ten calendar days of receipt of such notice.

13.    The provisions of this Protective Order shall, absent written permission of the

producing party or further order of the Court, continue to be binding at the conclusion of the above-entitled action.

14.    The parties agree to submit this Protective Order to the Court and to take all reasonable steps to obtain the Court's approval of this Protective Order by having it "so ordered" by the Court, and further agree that, prior to the decision by the Court regarding this Order, this Order shall be effective as if approved and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties, as if this Protective Order had been entered by the Court.

15.    All signed "acknowledgements" shall be maintained by the party who consulted such individual or entity and shall be promptly forwarded to the opposing party at the conclusion of the litigation.  Within sixty (60) days after conclusion of the litigation, all documents and Discovery Material designated as "Confidential" and all copies thereof, including "Sealed Documents" filed with the Clerk of the Court, shall be promptly returned to the designating parties or, at their written request, destroyed except to the extent such designated documents are maintained by counsel for any of the parties as necessary to defend any potential malpractice action, and if so, the party maintaining such documents shall continue to comply with this order. Confidential documents that are returned to the producing party shall be accompanied by a certification verifying that all such documents are being returned to the producing party and that no copies of such documents have been retained by the returning party, except to the extent they are maintained by the returning party to defend any potential malpractice action.  Any Confidential documents and information that is so maintained by the returning party must be destroyed within (30) days of the expiration of the statute of limitations for a malpractice of action or the conclusion of such malpractice action through all available appeals.  Certification of such destruction must be provided to the producing party.  For purposes of this section, "conclusion of litigation" is defined upon entry of a final judgment, the time for appeal from which has expired or all appeals from which have been finally determined, the mandate issued and the time to seek further review has expired or upon such time as the entire action is

dismissed with prejudice.

16. No Confidential Information shall be disclosed to any person or entity except as provided under this Protective Order.

17. This Protective Order does not compel the production of any documents or materials that a party is not required to produce under applicable federal or state law. The parties reserve all rights to object to the production of Confidential Information as provided under applicable federal and state law. Accordingly, any party may refuse to produce and to contest the production of any Confidential Information under applicable federal and state law.

IT IS SO STIPULATED:

DATED: March 5, 2008                    BURNHAM BROWN


                                        By   /s/Andrew R. Shalauta
                                           ANDREW R. SHALAUTA
                                           Attorneys for Defendants
                                           BOARD OF TRUSTEES OF THE
                                           CALIFORNIA STATE UNIVERSITY and
                                           CALIFORNIA STATE UNIVERSITY
                                           FRESNO ATHLETIC CORPORATION


DATED: March 4, 2008                    SIEGEL & YEE


                                        By   /s/Jessica Albert
                                           JESSICA ALBERT
                                           Attorneys for Plaintiff
                                           VIRGINIA IRIS LEVESQUE


**BY ORDER OF THE COURT:**

GOOD CAUSE APPEARING, this Stipulation For Protective Order For Confidential Documents And Information is adopted by Order of the Court as the means by which confidential documents, information, materials and things shall be treated by all parties to the

action.  **Parties requesting that documents be filed under seal must comply with Local Rule 39-141.**

DATED:  7 March 2008

    /s/ *Dennis L. Beck*
THE HONORABLE DENNIS L. BECK
U.S. MAGISTRATE JUDGE

847742

## Attachment A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulation For Protective Order For Confidential Documents And Information entered in **Iris Levesque v. Board of Trustees of the California State University, United States District Court, Eastern District of California, Case No. 1:07-CV-01584-AWI-DLB,** and I hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.  I agree not to disclose any documents or information that have been designated as "**CONFIDENTIAL**" under said Order to any person or entity not authorized under said Order to view Confidential Documents or Information.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this \_\_\_\_ day of _____, 2008.

_____
Name

_____
Address

1
2  _____
   Employer
3
4  _____
   Job Title
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28 | STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS AND INFORMATION**STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS** | 9 | No. 1:07-CV-01584-AWI-DLB |